1  DIANA M. ESTRADA (SBN 212702)
   email: diana.estrada@wilsonelser.com
2  **WILSON, ELSER, MOSKOWITZ,**
   **EDELMAN & DICKER LLP**
3  555 South Flower Street, Suite 2900
   Los Angeles, California 90071
4  Telephone:  (213) 443-5100
   Facsimile:   (213) 443-5101
5  Attorneys for Defendant,
   DESIGNER SUPPLEMENTS, INC.

8              UNITED STATES DISTRICT COURT
9              NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAREEM GUNTER,<br><br>              Plaintiff,<br><br>v.<br><br>ANABOLIC RESOURCES, LLC; MASS NUTRITION, INC.; DESIGNER SUPPLEMENTS, INC., and DOES 1 through 45,<br><br>              Defendants. | Case No.: C 07 4613 MEJ<br><br>STIPULATION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADINGS ON BEHALF OF DEFENDANT, DESIGNER SUPPLEMENTS, INC.; COURT ORDER THEREON |

COMES NOW Defendant, DESIGNER SUPPLEMENTS, INC., and Plaintiff, JAREEM GUNTER, by and through their respective counsel, and for their stipulation to allow DESIGNER SUPPLEMENTS, INC., an extension of time for filing responsive pleadings to Plaintiff's Complaint at Law, state as follows:

1. Plaintiff filed his Complaint at Law on September 6, 2007. Summons and Complaint are attached hereto as Exhibit "A".

1

STIPULATION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADINGS

599052.1

2. The Summons and Complaint were received by DESIGNER SUPPLEMENTS, INC., on September 29, 2007. Its' responsive pleadings are, therefore, technically due to be filed on or before October 19, 2007.

3. Plaintiff, JAREEM GUNTER, and Defendant, DESIGNER SUPPLEMENTS, INC., have agreed to a two-week extension for filing of responsive pleadings on behalf of DESIGNER SUPPLEMENTS, INC., through November 2, 2007.

4. This request is made in good faith and is not for the purpose of delay.

5. This request will not effect any pre-set deadline entered by this Court to date.

WHEREFORE, Plaintiff, JAREEM GUNTER, and Defendant, DESIGNER SUPPLEMENTS, INC., hereby respectfully request that this Honorable Court enter an Order granting an extension of time for the filing of responsive pleadings by DESIGNER SUPPLEMENTS, INC., through November 2, 2007.

Dated: October 18, 2007

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
DIANA M. ESTRADA, ESQ.
Attorneys for Defendant
DESIGNER SUPPLEMENTS, INC.

Dated: October 18, 2007

CASPER, MEADOWS, SCHWARTZ & COOK

By: _____
LARRY E. COOK, ESQ.
Attorneys for Plaintiff
JAREEM GUNTER

2

STIPULATION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADINGS

599052.1

# EXHIBIT "A"

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### E-filing

JAREEM GUNTER

SUMMONS IN A CIVIL CASE

CASE NUMBER:

V.

ANABOLIC RESOURCES, LLC; MASS NUTRITION, INC.; DESIGNER SUPPLEMENTS, INC., and DOES 1 through 45

**C 07 4613 MEJ**

TO: (Name and address of defendant)

Anabolic Resources, LLC; Mass Nutrition, Inc.; Designer Supplements, Inc., and Does 1 Through 45

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Michael D. Meadows (State Bar No. 62110)
Larry E. Cook (State Bar No. 122776)
Casper, Meadows, Schwartz & Cook
2121 N. California Boulevard, Suite 1020
Walnut Creek, California 94596

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

SEP 6 2007

DATE

Richard W. Wieking
CLERK

DEPUTY CLERK

NDCAO440

Michael D. Meadows (State Bar No. 62110)
Larry E. Cook (State Bar No. 122776)
CASPER, MEADOWS, SCHWARTZ & COOK
A Professional Corporation
California Plaza
2121 North California Blvd., Suite 1020
Walnut Creek, California 94596
Telephone:  (925) 947-1147
Facsimile:   (925) 947-1131

Attorneys for Plaintiff
JAREEM GUNTER

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

C 07 4613

| | |
|---|---|
| JAREEM GUNTER, <br><br>     Plaintiff, <br><br> vs. <br><br> ANABOLIC RESOURCES, LLC; MASS NUTRITION, INC.; DESIGNER SUPPLEMENTS, INC., and DOES 1 through 45, <br><br>     Defendants. | Case No. <br><br> **COMPLAINT FOR DAMAGES** <br> (Products Liability, Fraud, Diversity Jurisdiction) <br><br> **JURY TRIAL DEMANDED** |

## JURISDICTION AND VENUE

1. This action arises under the laws of the State of California. Jurisdiction on the basis of diversity of citizenship is conferred upon this court by Title 28 United States Code section 1332. Substantial parts of the conduct giving rise to this action occurred in the City of Antioch, State of California, which is within this judicial district. Venue is conferred upon this court by Title 28 United States Code section 1391(b) and (c).

## JURY TRIAL DEMAND

2. Plaintiff hereby demands a jury trial in this action.

COMPLAINT FOR DAMAGES

Page 1

## IDENTIFICATION OF PARTIES

3. Defendant ANABOLIC RESOURCES, LLC is a limited liability company organized under the laws of the State of Arizona, with a principal place of business in the State of Arizona. ANABOLIC RESOURCES, LLC actively solicits business transactions in the State of California.

4. Defendant MASS NUTRITION, INC. is a corporation organized under the laws of the State of Florida, with a principal place of business in the State of Florida. MASS NUTRITION, INC. actively solicits business transactions in the State of California.

5. Defendant DESIGNER SUPPLEMENTS, INC. is a corporation organized under the laws of the State of New York, with a principal place of business in the State of New York. DESIGNER SUPPLEMENTS, INC. actively solicits business transactions in the State of California.

6. Plaintiff is informed and believes, and on that basis alleges that each defendant was the agent and employee of every other defendant, acting within the course and scope of such agency or employment.

7. At all relevant times, defendants ANABOLIC RESOURCES, LLC, MASS NUTRITION, INC., AND DESIGNER SUPPLEMENTS, INC. are and were engaged in the design, development, production, manufacture, marketing, promotion, distribution, and sale of nutritional supplements. Much of defendants' marketing, distribution, and sales are accomplished by means of a variety of internet web sites. Plaintiff is informed and believes, and on that basis alleges that defendants have completed numerous transactions with purchasers in the State of California by means of these internet web sites.

8. Among other products, at all relevant times, defendants designed, developed, produced, manufactured, marketed, promoted, distributed, and sold a nutritional supplement dubbed "Superdrol" as a safe, legal, non-steroidal supplement to boost the production of muscle mass without the use of banned substances.

CASPER, MEADOWS
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596

COMPLAINT FOR DAMAGES

Page 2

9. The following are direct quotes excerpted from advertising copy published by defendants to promote sales of "Superdrol:"

> How is Superdrol legal? Superdrol is not a new compound; but, in fact, has been around a good deal of time prior to the Anabolic Steroid Control Act of 2004. Shortly after being released to the market it was one of the premier anabolic designer supplements with high visibility. Congress reviewed all of the anabolic compounds on the market and added the compounds they deemed unsafe to the Anabolic Steroid Control Act. Superdrol was not included in the list and is not scheduled to be on that list making it 100% legal to sell.
>
> Superdrol™ (METHASTERON™) is definitely not a pro-hormone (it's STRONGER): it is a very active form of a designer supplement that is also highly anabolic. This supplement was designed to have it all, achieving only the best attributes with minimal side effects.
>
> ANABOLIC EXTREME Superdrol has a capacity for impressive and consistent gains in strength. Testers experienced dramatic and immediate strength gains, when consuming sufficient calories. To their surprise and our delight, every single one became stronger every single workout, and many personal bests were recorded, while volume increased. Gains are very dry, and it makes muscles noticeably more hard and dense. The gains from Superdrol™ will be impressive, and they will not take long to start, but they will be more gradual and consistent. Your numbers in the gym and on the tape measure will go up, not explosively, but they will go up surely and steadily.

10. Plaintiff JAREEM GUNTER is a resident of the City of Antioch, California, which is located within this judicial district.

11. In June, 2005, plaintiff JAREEM GUNTER graduated from high school and was awarded a baseball scholarship to attend Lincoln University in St. Louis, Missouri.

12. While residing in Antioch, California, plaintiff purchased an order of "Superdrol" through a web site operated by defendant MASS NUTRITION, INC.

CASPER, MEADOWS
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596

COMPLAINT FOR DAMAGES

Page 3

13. Plaintiff began consuming capsules of "Superdrol" in Antioch, and continued to consume the capsules after he relocated to St. Louis to attend college. Plaintiff consumed the "Superdrol" capsules on a daily basis, in accordance with the instructions provided with the product and in defendants' promotional materials.

14. After consuming "Superdrol" capsules for approximately three weeks, plaintiff suffered acute liver failure on September 21, 2005. Plaintiff underwent several lengthy hospitalizations, was unable to work, study, or participate in sports, and withdrew his enrollment at Lincoln University. Plaintiff's liver function has been permanently compromised.

15. Contrary to the statements published by defendants to promote consumption of "Superdrol," the compound designed, developed, produced, manufactured, marketed, promoted, distributed, and sold by defendants as "Superdrol" is in fact a highly potent, illegal synthetic steroid, a substance which causes severe liver disease in addition to other dangerous side effects. The compound manufactured, marketed, promoted, distributed and sold by defendants as "Superdrol" was banned by the Food and Drug Administration in March, 2006.

16. At all relevant times, defendants had actual and/or constructive knowledge that the compound designed, developed, produced, manufactured, marketed, promoted, distributed, and sold by defendants as "Superdrol" was a highly potent, illegal synthetic steroid.

17. At all relevant times, defendants had actual and/or constructive knowledge that the compound designed, developed, produced, manufactured, marketed, promoted, distributed, and sold by defendants as "Superdrol" causes dangerous side effects, including severe liver disease.

18. As a proximate result of plaintiff's reliance on defendants' representations of "Superdrol" as a safe and legitimate nutritional supplement, and as a proximate result of plaintiff's consumption of "Superdrol" in accordance with the instructions provided by defendants, plaintiff has suffered severe physical illness and

CASPER, MEADOWS
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596

COMPLAINT FOR DAMAGES

Page 4

disability and emotional distress, incurred substantial medical expenses, was unable to pursue his usual occupation for an extended period of time, will incur future wage loss, and is subject to a heightened lifelong risk of liver disease. In addition, plaintiff was deemed ineligible to participate in intercollegiate athletics by the NCAA due to the discovery of steroids in his system. Plaintiff therefore lost his athletic college scholarship.

### FIRST CLAIM FOR RELIEF
### Strict Products Liability

19. Plaintiff realleges and incorporates by paragraphs 1 through 18 of this complaint, as though fully stated in this Claim for Relief.

20. "Superdrol," as designed, manufactured, marketed, promoted, and sold by defendants was dangerously defective in that "Superdrol" is a substance that has been shown to cause severe liver disease and other dangerous side effects.

21. As a result of design and/or manufacturing defects, the "Superdrol" promoted, marketed, sold, and delivered to plaintiff was in a defective condition at the time of its distribution and sale. The defective condition of "Superdrol" was not apparent to inspection by a reasonable consumer. "Superdrol" was placed in the stream of commerce with the expectation that it would not be subject to testing or inspection for such defects. Plaintiff consumed "Superdrol" in a reasonably foreseeable manner, in accordance with the instructions provided by defendants.

22. As a proximate result of the defective condition of defendants' product, plaintiff suffered injury as described in this complaint, and incurred general and special damages in an amount in excess of $75,000.00.

WHEREFORE, plaintiff prays for relief as set forth below.

### SECOND CLAIM FOR RELIEF
### Products Liability – Negligence

23. Plaintiff realleges and incorporates paragraphs 1 through 22 of this complaint as though fully stated in this Claim for Relief.

CASPER, MEADOWS
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596

COMPLAINT FOR DAMAGES

Page 5

24. At all relevant times, defendants owed a duty to foreseeable consumers to use reasonable care to design, develop, produce, manufacture, market, promote, and sell "Superdrol" so that it would not injure nor endanger the health of foreseeable consumers who obtained the product and used it in accordance with the instructions supplied by defendants.

25. Defendants breached this duty of care in designing, developing, producing, manufacturing, marketing, promoting, and selling "Superdrol" in a defective condition whereby the use of "Superdrol" created a significantly increased risk of severe liver disease and other dangerous side effects when used in accordance with the instructions provided by defendants.

26. Further, defendants negligently designed, manufactured, marketed, and sold "Superdrol" to plaintiff without providing necessary and appropriate warnings regarding the serious health risks associated with the use of "Superdrol."

27. When plaintiff obtained and consumed "Superdrol" he was not aware, and had no reasonable basis to know or to discover that the use of "Superdrol" created a grave risk of severe liver disease and other dangerous side effects.

28. Plaintiff consumed "Superdrol" in a reasonably foreseeable manner, in accordance with the instructions provided by defendants.

29. As a proximate result of the defective condition of defendants' product, plaintiff suffered injury as described in this complaint, and incurred general and special damages in an amount in excess of $75,000.00.

WHEREFORE, plaintiff prays for relief as set forth below.

### THIRD CLAIM FOR RELIEF
### Products Liability - Fraud and Deceit

30. Plaintiff realleges and incorporates paragraphs 1 through 29 of this complaint as though fully stated in this Claim for Relief.

31. At all relevant times, defendants had actual and/or constructive knowledge that the compound designed, developed, produced, manufactured, marketed,

CASPER, MEADOWS
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596

COMPLAINT FOR DAMAGES

Page 6

1. promoted, distributed, and sold by defendants as "Superdrol" had been shown to cause severe liver disease and other dangerous side effects.

32. Defendants' conduct was fraudulent and misleading in that, despite such knowledge, defendants intentionally marketed, promoted, distributed, and sold "Superdrol" as a safe, legal, nutritional supplement to promote beneficial, healthy gains in muscle mass.

33. Defendants intentionally marketed, promoted, distributed, and sold "Superdrol" with the intent to induce the reliance of foreseeable consumers on the representation that "Superdrol" was a safe, legal, nutritional supplement to promote beneficial, healthy gains in muscle mass.

34. Plaintiff relied on defendants' representation of "Superdrol" as a safe, legal nutritional supplement to promote beneficial, healthy gains in muscle mass, and purchased and consumed "Superdrol" for this purpose.

35. Plaintiff's reliance on defendants' false and misleading representations about the safety and legality of "Superdrol" proximately caused plaintiff to suffer injury as described in this complaint, and to incur general and special damages in an amount in excess of $75,000.00.

36. Defendants' false and misleading representations, as described in this complaint, were fraudulent, malicious, and oppressive, and made with reckless disregard for the safety of foreseeable consumers, including plaintiff, and subject defendants to liability for punitive and exemplary damages.

WHEREFORE, plaintiff prays for relief as set forth below.

### FOURTH CLAIM FOR RELIEF
### Products Liability - Negligent Misrepresentation

37. Plaintiff realleges and incorporates paragraphs 1 through 29 of this complaint as though fully stated in this Claim for Relief.

38. At all relevant times, defendants had constructive knowledge that the compound designed, developed, produced, manufactured, marketed, promoted,

CASPER, MEADOWS
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596

COMPLAINT FOR DAMAGES

Page 7

distributed, and sold by defendants as "Superdrol" had been shown to cause severe liver disease and other dangerous side effects. Despite such constructive knowledge, defendants intentionally marketed, promoted, distributed, and sold "Superdrol" as a safe, legal, nutritional supplement to promote beneficial, healthy gains in muscle mass.

39. Defendants intentionally marketed, promoted, distributed, and sold "Superdrol" with the intent to induce the reliance of foreseeable consumers on the representation that "Superdrol" was a safe, legal, nutritional supplement to promote beneficial, healthy gains in muscle mass. At all relevant times, there was no reasonable basis upon which defendants could have believed these representations to be truthful and not misleading.

40. Plaintiff relied on defendants' representation of "Superdrol" as a safe, legal nutritional supplement to promote beneficial, healthy gains in muscle mass, and purchased and consumed "Superdrol" for this purpose.

41. Plaintiff's reliance on defendants' false and misleading representations about the safety and legality of "Superdrol" proximately caused plaintiff to suffer injury as described in this complaint, and to incur general and special damages in an amount in excess of $75,000.00.

42. Defendants' false and misleading representations, as described in this complaint, were fraudulent, malicious, and oppressive, and made with reckless disregard for the safety of foreseeable consumers, including plaintiff, and subject defendants to liability for punitive and exemplary damages.

WHEREFORE, plaintiff prays for relief as set forth below.

### FIFTH CLAIM FOR RELIEF
### NEGLIGENCE PER SE

43. Plaintiff realleges and incorporates paragraphs 1 through 42 of this complaint as though fully stated in this Claim for Relief.

44. The conduct of defendants, as described in this complaint, violated

COMPLAINT FOR DAMAGES

Page 8

California statutes and regulations for the protection of consumers. These statutes and regulations include, but are not limited to, California Business and Professions Code sections 17500, et seq., which prohibit false advertising. Plaintiff is a member of the class of persons for the protection of whom these statutes and regulations were established.

45. As a proximate result of defendants' violation of California statutes and regulations, plaintiff suffered personal injuries and economic losses, and incurred general and special damages in an amount within the jurisdiction of this court.

WHEREFORE, plaintiff prays for relief as set forth below.

### SIXTH CLAIM FOR RELIEF
### CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, et seq.

46. Plaintiff realleges and incorporates paragraphs 1 through 45 of this complaint as though fully stated in this Claim for Relief.

47. The conduct of defendants, as described in this complaint, violated state and federal statutes and regulations enacted for the protection of consumers, including but not limited to California Business and Professions Code sections 17500, et seq.

48. The unlawful practices described in this complaint constitute unfair competition and are therefore actionable under California Business and Professions Code §§ 17200, et seq.

49. As a proximate result of defendants' unfair competitive practices, plaintiff suffered personal injuries and economic losses, and incurred general and special damages in an amount within the jurisdiction of this court.

50. Pursuant to California Business and Professions Code §§ 17200, et seq. plaintiff is entitled to injunctive relief prohibiting such unlawful competitive practices and ordering defendants to disgorge and restore to plaintiff all money which may have been acquired by defendants as a result of defendants' unlawful practices.

WHEREFORE, plaintiff prays for relief as follows:

CASPER, MEADOWS
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596

COMPLAINT FOR DAMAGES

Page 9

1  1) For general damages according to proof;
2  2) For special damages according to proof;
3  3) For injunctive relief under Business and Professions Code §§ 17200, et seq.,
4  prohibiting defendants from engaging in unfair and misleading business practices and
5  requiring defendants to restore all funds lost by plaintiff as a result of defendants'
6  unfair and misleading business practices;
7  4) For punitive damages according to proof;
8  5) For prejudgment interest according to proof; and
9  6) For such other and further relief as the court may deem reasonable and just.

12  Dated: September 6, 2007

Larry E. Cook
CASPER, MEADOWS, SCHWARTZ & COOK
Attorneys for Plaintiff

CASPER, MEADOWS
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596

COMPLAINT FOR DAMAGES

Page 10