DIANA M. ESTRADA (SBN 212702)
email: diana.estrada@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ,**
   **EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Telephone:   (213) 443-5100
Facsimile:    (213) 443-5101
Attorneys for Defendant,
DESIGNER SUPPLEMENTS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAREEM GUNTER,<br><br>              Plaintiff,<br><br>v.<br><br>ANABOLIC RESOURCES, LLC; MASS NUTRITION, INC.,; DESIGNER SUPPLEMENTS, INC., and DOES 1 through 45,<br><br>              Defendants. | Case No.: C 07 4613 MEJ<br><br>DESIGNER SUPPLEMENTS, INC.'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES |

## ANSWER

### JURISDICTION AND VENUE

1.  This defendant lacks information sufficient so as to form as belief as to the truth of the allegations set forth in Paragraph 1, and therefore neither admits nor denies same and demands strict proof thereof.

///

1

1

### JURY TRIAL DEMAND

2.  This defendant makes no response to the allegations set forth in Paragraph 2 as they are not directed toward this defendant.

### IDENTIFICATION OF PARTIES

3.  This defendant lacks information sufficient so as to form as belief as to the truth of the allegations set forth in Paragraph 3, and therefore neither admits nor denies same and demands strict proof thereof.

4.  This defendant lacks information sufficient so as to form as belief as to the truth of the allegations set forth in Paragraph 4, and therefore neither admits nor denies same and demands strict proof thereof.

5.  This defendant admits that it is a corporation organized under the laws of the State of New York with a principal place of business in the State of New York. This defendant denies that it actively solicits business transactions in the State of California and demands strict proof thereof.

6.  This defendant denies the allegations set forth in Paragraph 6 as to the relationship between this defendant and any other parties to this matter, and demands strict proof thereof.

7.  This defendant admits that it was engaged in the design, development, marketing, promotion, distribution and sale of nutritional supplements. This defendant admits that some of its marketing, distribution and sales were accomplished by means of an internet website. This defendant further admits that it completed transactions from time to time with purchasers in the State of California. This defendant denies all remaining allegations set forth in Paragraph 7 and demands strict proof thereof.

8.  This defendant admits that it designed, developed, marketed, promoted, distributed and sold a nutritional supplemental known as "Superdrol" no later than 2004. This defendant

2

1  denies that it designed, developed, marketed, promoted, distributed or sold Superdrol at any time

2  after 2004.  This defendant denies all remaining allegations set forth in Paragraph 8 and demands

3  strict proof thereof.

4        9.  This defendant denies that it published the "direct quotes" set forth in Paragraph 9.

5  This defendant denies all remaining allegations set forth in Paragraph 9 and demands strict proof

6  thereof.

7        10.  This defendant lacks information sufficient so as to form as belief as to the truth of

8  the allegations set forth in Paragraph 10, and therefore neither admits nor denies same and

9  demands strict proof thereof.

10       11.  This defendant lacks information sufficient so as to form as belief as to the truth of

11  the allegations set forth in Paragraph 11, and therefore neither admits nor denies same and

12  demands strict proof thereof.

13       12.  This defendant lacks information sufficient so as to form as belief as to the truth of

14  the allegations set forth in Paragraph 12, and therefore neither admits nor denies same and

15  demands strict proof thereof.

16       13.  This defendant lacks information sufficient so as to form as belief as to the truth of

17  the allegations set forth in Paragraph 13, and therefore neither admits nor denies same and

18  demands strict proof thereof.

19       14.  This defendant lacks information sufficient so as to form as belief as to the truth of

20  the allegations set forth in Paragraph 14, and therefore neither admits nor denies same and

21  demands strict proof thereof.

22       15.  This defendant admits that Superdrol contained a synethic steroid, but denies all

23  other allegations set forth in Paragraph 15, and demands strict proof thereof.

3

16. This defendant admits that at all relevant times, it was aware that Superdrol contained a synethic steroid. This defendant denies all remaining allegations set in forth in Paragraph 16 and demands strict proof thereof.

17. This defendant denies the allegations set forth in Paragraph 17 and demands strict proof thereof.

18. This defendant denies the allegations set forth in Paragraph 18 and demands strict proof thereof.

## FIRST CLAIM FOR RELIEF

## STRICT PRODUCTS LIABILITY

19. This defendant realleges and incorporates by referenced its answers to Paragraphs 1 through 18 of the complaint as though fully set forth herein.

20. This defendant denies the allegations set forth in Paragraph 20 and demands strict proof thereof.

21. This defendant lacks information sufficient to form a belief as to the truth of the allegation that plaintiff consumed "Superdrol" in a reasonably foreseeable manner, in accordance with the instructions provided by defendants, and therefore neither admits nor denies same same and demands strict proof thereof. This defendant denies all remaining allegations set forth in Paragraph 21 and demands strict proof thereof.

22. This defendant denies the allegations set forth in Paragraph 22 and demands strict proof thereof.

## SECOND CLAIM FOR RELIEF

## PRODUCTS LIABILITY-NEGLIGENCE

23. This defendant realleges and incorporates by referenced its answers to Paragraphs 1 through 22 of the complaint as though fully set forth herein.

4

24.  This defendant admits to all duties properly imposed upon it under the law, but denies that it breached any duty owed to plaintiff, and refers all questions of law to the court for their determination.

25.  This defendant denies the allegations set forth in Paragraph 25 and demands strict proof thereof.

26.  This defendant denies the allegations set forth in Paragraph 26 and demands strict proof thereof.

27.  This defendant denies the allegations set forth in Paragraph 27 and demands strict proof thereof.

28.  This defendant lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 and therefore neither admits nor denies same same and demands strict proof thereof.

29.  This defendant denies the allegations set forth in Paragraph 29 and demands strict proof thereof.

### THIRD CLAIM FOR RELIEF, PRODUCTS LIABILITY

### FRAUD AND DECEIT

30.  This defendant realleges and incorporates by referenced its answers to Paragraphs 1 through 29 of the complaint as though fully set forth herein.

31.  This defendant admits that at all relevant times, it was aware that Superdrol contained a synethic steroid.  This defendant denies all remaining allegations set in forth in Paragraph 31 and demands strict proof thereof.

32.  This defendant denies the allegations set forth in Paragraph 32 and demands strict proof thereof.

DESIGNER SUPPLEMENTS, INC.'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES
602357.1

33. This defendant denies the allegations set forth in Paragraph 33 and demands strict proof thereof.

34. This defendant denies the allegations set forth in Paragraph 34 and demands strict proof thereof.

35. This defendant denies the allegations set forth in Paragraph 35 and demands strict proof thereof.

36. This defendant denies the allegations set forth in Paragraph 36 and demands strict proof thereof.

## FOURTH CLAIM FOR RELIEF

## PRODUCTS LIABILITY NEGLIGENT MISREPRESENTATION

37. This defendant realleges and incorporates by referenced its answers to Paragraphs 1 through 36 of the complaint as though fully set forth herein.

38. This defendant admits that at all relevant times, it was aware that Superdrol contained a synethic steroid. This defendant denies all remaining allegations set in forth in Paragraph 38 and demands strict proof thereof.

39. This defendant denies the allegations set forth in Paragraph 39 and demands strict proof thereof.

40. This defendant denies the allegations set forth in Paragraph 40 and demands strict proof thereof.

41. This defendant denies the allegations set forth in Paragraph 41 and demands strict proof thereof.

42. This defendant denies the allegations set forth in Paragraph 42 and demands strict proof thereof.

6

1

## FIFTH CLAIM FOR RELIEF

2

## NEGLIGENCE PER SE

3

43.  This defendant realleges and incorporates by referenced its answers to Paragraphs 1

4

through 42 of the complaint as though fully set forth herein.

5

44.  This defendant denies the allegations set forth in Paragraph 44, which call for a legal

6

conclusion.  This defendant refers all questions of law to the court for their determination.

7

8

45.  This defendant denies the allegations set forth in Paragraph 45 and demands strict

9

proof thereof.

10

## SIXTH CLAIM FOR RELIEF

11

## CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTIONS 17200 ET SEQ.

12

46.  This defendant realleges and incorporates by referenced its answers to Paragraphs 1

13

through 45 of the complaint as though fully set forth herein.

14

15

47.  This defendant denies the allegations set forth in Paragraph 47, which call for a legal

16

conclusion.  This defendant refers all questions of law to the court for their determination.

17

48.  This defendant denies the allegations set forth in Paragraph 48, which call for a legal

18

conclusion.  This defendant refers all questions of law to the court for their determination.

19

49.  This defendant denies the allegations set forth in Paragraph 49 and demands strict

20

proof thereof.

21

22

50.  This defendant denies the allegations set forth in Paragraph 50, which call for a legal

23

conclusion.  This defendant refers all questions of law to the court for their determination.

24

25

WHEREFORE, defendant, DESIGNER SUPPLEMENTS, INC., respectfully requests

26

that this Honorable Court enter an order dismissing plaintiff's complaint with prejudice and

27

without costs and for any other relief it deems just and reasonable.

28

7

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

AS A FIRST AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this answering defendant alleges that plaintiff has failed to state facts sufficient to constitute a cause of action against this answering defendant.

### SECOND AFFIRMATIVE DEFENSE

(Comparative Negligence of Plaintiff)

AS A SECOND AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this answering defendant is informed and believes, and on such information and belief alleges that plaintiff was negligent in and about the matters and activities alleged in the Complaint, that said negligence contributed to and was a proximate cause of the alleged injuries and damages, if any, or was the sole cause thereof, and that if this answering defendant is found to have been negligent, and if plaintiff is entitled to recover damages against this answering defendant by virtue of the Complaint, this answering defendant prays that said recovery be diminished or extinguished by reason of the negligence of plaintiff, in proportion to the degree of fault attributable to plaintiff.

### THIRD AFFIRMATIVE DEFENSE

(Negligence of Third Parties)

AS A THIRD AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this answering defendant is informed and believes, and on such information and belief alleges, that the incident mentioned in the Complaint and the alleged damages and/or injuries, if any, sustained by plaintiff, were directly and proximately caused and contributed to by the negligence of third parties.

\\\

\\\

\\\

8

**FOURTH AFFIRMATIVE DEFENSE**

(Waiver)

AS A FOURTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint, this answering defendant is informed and believes, and on such information and belief alleges that plaintiff has waived any claims for damages as alleged in the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

(Estoppel)

AS A FIFTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this answering defendant is informed and believes, and on such information and belief alleges that plaintiff, by plaintiff's actions and conduct, is estopped from asserting the relief sought in this action.

**SIXTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

AS A SEVENTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this answering defendant is informed and believes, and on such information and belief alleges that any injury, damage or loss suffered by plaintiff, was proximately caused by the failure of plaintiff to use reasonable means to prevent aggravation of plaintiff's conditions and to use reasonable means to mitigate damages to plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**

(Joint Tortfeasors -- Contribution)

AS A TENTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint, this answering defendant alleges that if it should be found that this answering defendant is in any manner legally responsible for the incident, or any of plaintiff's injuries and damages, which supposition is not admitted but merely stated for the purpose of this affirmative defense, then this answering defendant alleges that other defendants or cross-defendants in this case or other persons, companies or entities not party to this action were careless, negligent or at fault in and

1    about the matters alleged in the Complaint and it is necessary that the proportionate degree of

2    negligence, carelessness or fault of each of these other defendants or cross-defendants, persons,

3    companies or entities, whether made parties to this action or not, be determined and prorated, and

4    that any judgment that might be rendered against this answering defendant be reduced, not only

5

6    by that degree of comparative negligence, fault or assumption of the risk found to exist as to the

7    plaintiff, but also as to the total of that degree of negligence or fault found to exist as to said

8    other defendants, cross-defendants, persons, companies or entities.

9    **EIGHTH AFFIRMATIVE DEFENSE**

10    (Intervening and Superseding Cause)

11    AS AN ELEVENTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint

12    and each cause of action thereof, this defendant is informed and believes, and on such information

13    and belief thereon alleges that, if, in fact, plaintiff was damaged in any manner whatsoever, that

14    said damage, if any, was a direct and proximate result of the intervening and superseding actions

15    on the part of other parties, and not this answering defendant, and that such intervening and

16

17    superseding actions of said other parties bars recovery herein on behalf of plaintiff.

18    **NINTH AFFIRMATIVE DEFENSE**

19    (Indemnity and Apportionment)

20    AS A TWELFTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and

21    each cause of action thereof, this answering defendant alleges, that defendant is entitled to the

22    right of indemnification by apportionment against all other parties and persons whose negligence

23    contributed proximately to the happening of the claimed incident or the alleged injuries.

24    **TENTH AFFIRMATIVE DEFENSE**

25

26    (Apportionment of Non-Economic Damages)

27    AS A THIRTEENTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint

28    and each cause of action thereof, this answering defendant alleges that liability, if any, for all

1    non-economic damages shall be allocated in direct proportion to each tortfeasor's percentage of

2    fault.

3    ### ELEVENTH AFFIRMATIVE DEFENSE

4    (Apportionment of Joint Judgment)

5    AS A FOURTEENTH AND SEPARATE AFFIRMATIVE DEFENSE to the complaint

6    and each cause of action thereof, this answering defendant alleges that if the plaintiff is entitled

7    to a joint judgment against this defendant and the remaining defendants, and each of them, this

8    defendant prays that this Court order each of the judgment debtors to pay to the plaintiff, their

9    proportionate share of the joint judgment, the judgment debtor's proportionate share having been

10   determined by the trier of fact; and if this defendant is required to pay to the plaintiff, a

11   disproportionate share of any joint judgment, this defendant prays leave of this Court to seek

12   contribution by motion against any other judgment debtor not paying the proportionate share

13   allocated to any such defendants by the trier of fact.

14   ### TWELFTH AFFIRMATIVE DEFENSE

15   (Unclean Hands)

16   AS A FIFTEENTH AND SEPARATE AFFIRMATIVE DEFENSE to the complaint and

17   each cause of action thereof, this answering defendant is informed and believes, and on such

18   information and belief alleges that plaintiff has unclean hands and any recovery is barred

19   thereby.

20   ### THIRTEENTH AFFIRMATIVE DEFENSE

21   (Misuse of Product)

22   AS A SIXTEENTH AND SEPARATE AFFIRMATIVE DEFENSE to the complaint and

23   each cause of action thereof, this answering defendant alleges that at the time referred to in said

24   complaint, and prior thereto, the product or products referred to in said complaint were misused

25   and used in an improper and unforeseeable manner by plaintiff and by others, and that such

26   misuse and improper use caused or contributed as a proximate cause of the incident referred to in

27   the complaint and the injuries and damages complained of, if any there were.

28   \\\

11

1

### FOURTEENTH AFFIRMATIVE DEFENSE

2

(No Timely Notice of Breach of Warranty)

3    AS A SEVENTEENTH AND SEPARATE AFFIRMATIVE DEFENSE to the complaint

4  and to each cause of action thereof, this answering defendant alleges that the plaintiff did not

5  give this answering defendant timely notice of the alleged breach or any alleged breach of any

6  warranty.

7

### FIFTEENTH AFFIRMATIVE DEFENSE

8

(Lack of Privity)

9    AS AN EIGHTEENTH AND SEPARATE AFFIRMATIVE DEFENSE to the complaint

10  and each cause of action thereof, this answering defendant alleges that plaintiff is barred from

11  prosecuting said lawsuit for lack of privity with said defendant.

12

### SIXTEENTH AFFIRMATIVE DEFENSE

13

(Failure to Avoid Aggravation of Injuries)

14    AS A TWENTY-FIRST AND SEPARATE AFFIRMATIVE DEFENSE to the complaint

15  and each cause of action thereof, this defendant alleges that any injury, damage or loss suffered

16  by plaintiff was proximately caused by plaintiff's failure to use reasonable means to prevent

17  aggravation of plaintiff's conditions and to use reasonable means to mitigate damages to

18  plaintiff.

19

### SEVENTEENTH AFFIRMATIVE DEFENSE

20

(Punitive Damages Are not Permissible)

21    AS A TWENTY-SECOND AND SEPARATE AFFIRMATIVE DEFENSE to the

22  complaint this answering defendant asserts that the imposition of punitive damages against

23  defendant would violate its constitutional rights guaranteed under Article IV, Section 2, and the

24  First, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution, and

25  Article I, Sections 2, 7, 15, 16 and 17, and Article IV, Section 16, of the California Constitution.

26  Among other things, defendant contends that the lack of a requirement that the basis for the

27  imposition of punitive damages be proven beyond a reasonable doubt violates defendant's

28  constitutional rights, the imposition of such damages violates the due process and equal

12

1   protection guarantees of the United States Constitution, and the imposition of such damages

2   constitutes an excessive fine or penalty in violation of the United States Constitution.

3

4          WHEREFORE, this answering defendant prays that judgment be entered against plaintiff,

5   and in favor of this answering defendant, that plaintiff, take nothing by reason of said Complaint

6   herein, and that this answering defendant be awarded all costs of suit incurred herein, and such

7   other and further relief as the Court deems just and proper.

8

9

10

11  Dated: November 1, 2007                         WILSON, ELSER, MOSKOWITZ,
                                                     EDELMAN & DICKER LLP
12

13

14                                        By:_____
                                              DIANA M. ESTRADA, ESQ.
15                                            Attorneys for Defendant
                                              DESIGNER SUPPLEMENTS, INC.
16

17

18

19

20

21

22

23

24

25

26

27

28
                                                13

1

## PROOF OF SERVICE
## CCP 1013a(3)

2

3    **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

4           I am employed in the county of Los Angeles, State of California.  I am over the age of 18
5    and not a party to the within action; my business address is 555 South Flower Street, Suite 2900,
     Los Angeles, California 90071.

6

7           On **November 1, 2007** I served the foregoing document described as **DESIGNER
     SUPPLEMENTS, INC.'S, ANSWER AND AFFIRMATIVE DEFENSES TO
8    PLAINTIFF'S COMPLAINT FOR DAMAGES,** on the interested parties in this action, by
     placing __ the original _X_ a true copy(ies) thereof enclosed in sealed envelopes addressed as
9    indicated on the attached Service List.

10                              **PLEASE SEE SERVICE LIST**

11
            [X]    **VIA MAIL**  _X_ As follows:  I am "readily familiar" with the firm's practice of
12   collection and processing correspondence for mailing.  Under that practice it would be deposited
     with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles,
13   California in the ordinary course of business.  I am aware that on motion of the party served,
     service is presumed invalid if postal cancellation date or postage meter date is more than one day
14   after date of deposit for mailing in affidavit.

15
            [ ] **BY PERSONAL SERVICE**  I delivered such envelope(s) by hand to the offices of
16   the addressee(s).
            [ ] **BY FACSIMILE**  I caused such document(s) to be telephonically transmitted to the
17   offices of the addressee(s).
            [ ] **BY OVERNIGHT MAIL**  I placed true and correct copies of said document(s) in
18   sealed envelopes addressed as stated on the attached service list and caused such envelopes to be
19   sent by overnight mail via Federal Express.

20        _X_     (State) I declare under penalty of perjury under the laws of the State of California
     that the above is true and correct.
21        __      (Federal)      I declare that I am employed in the office of a member of the bar
     of this court at whose direction the service was made.
22

23          Executed **November 1, 2007**, at Los Angeles, California.

24

25                                              _Ellen C. Pisanelli_

26                              **ELLEN C. PISANELLI**

27

28

602682.1

1

2

**SERVICE LIST**

3   Michael D. Meadows
    Larry E. Cook
4   Casper, Meadows, Schwartz & Cook
    California Plaza
5   2121 North California Blvd, Suite 1020
    Walnut Creek, CA 94596
6   Tel: (925) 947-1147
    Fax:  (925) 947-1131
7   **Attorneys for Plaintiff, JAREEM GUNTER**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

602682.1