LAW OFFICES OF MIRIAM HISER
MIRIAM HISER (129824)
550 Montgomery Street, Suite 650
San Francisco, California 94111
Telephone: (415) 345-9234
Facsimile: (415) 395-9372
mhiser@hiserlaw.com

Attorney for Defendant
ANABOLIC RESOURCES, L.L.C.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAREEM GUNTER,<br><br>Plaintiff,<br><br>v.<br><br>ANABOLIC RESOURCES, L.L.C.; MASS NUTRITION, INC.; DESIGNER SUPPLEMENTS, INC.; and, DOES 1 through 45,<br><br>Defendants. | CASE NO. C 07-4613 MJJ<br><br>**ANSWER OF DEFENDANT ANABOLIC RESOURCES, L.L.C. TO COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL** |

Defendant ANABOLIC RESOURCES, L.L.C. ("Anabolic") answers the Complaint for Damages of Plaintiff Jareem Gunter ("Complaint") as follows:

**JURISDICTION AND VENUE**

1. Anabolic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph one and on that basis denies them.

**IDENTIFICATION OF PARTIES**

2. Paragraph two requires no response from Anabolic.

3. Anabolic admits the allegations of the first sentence of paragraph three. Anabolic denies the allegations of the second sentence of paragraph three.

4. Anabolic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph four and on that basis denies them.

5. Anabolic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph five and on that basis denies them.

6. Anabolic denies the allegations of paragraph six.

7. Answering the allegations of paragraph seven, Anabolic admits that it produced, manufactured, marketed, promoted, distributed and sold nutritional supplements, that some of such sales were via an internet website and that some internet sales were to purchasers in California. Except as so admitted, Anabolic denies the remaining allegations of paragraph seven and specifically denies that it designed and developed nutritional supplements.

8. Answering the allegations of paragraph eight, Anabolic admits that it produced, manufactured, marketed, promoted, distributed and sold a nutritional supplement called "Superdrol" until approximately March 2006. Except as so admitted, Anabolic denies the remaining allegations of paragraph eight and specifically denies that it designed and developed "Superdrol."

9. Anabolic denies the allegations of paragraph nine.

10. Anabolic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph ten and on that basis denies them.

11. Anabolic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph eleven and on that basis denies them.

12. Anabolic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph twelve and on that basis denies them.

13. Anabolic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph thirteen and on that basis denies them.

14. Anabolic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph fourteen and on that basis denies them.

15. Anabolic denies the allegations of paragraph fifteen.

16. Anabolic denies the allegations of paragraph sixteen.

17. Anabolic denies the allegations of paragraph seventeen.

18. Anabolic denies the allegations of paragraph eighteen.

### FIRST CLAIM FOR RELIEF
### Strict Products Liability

19. Answering the allegations of paragraph 19, Anabolic incorporates by reference its responses to paragraphs one through eighteen above.

20. Anabolic denies the allegations of paragraph twenty.

21. Anabolic denies the allegations of paragraph twenty-one.

22. Anabolic denies the allegations of paragraph twenty-two.

### SECOND CLAIM FOR RELIEF
### Products Liability-Negligence

23. Answering the allegations of paragraph twenty-three, Anabolic incorporates by reference its responses to paragraphs one through twenty-two above.

24. Anabolic admits to all duties imposed upon it by operation of law.  Except as so admitted, Anabolic denies the remaining allegations of paragraph twenty-four and specifically denies that it breached any duty owed to plaintiff.

25. Anabolic denies the allegations of paragraph twenty-five.

26. Anabolic denies the allegations of paragraph twenty-six.

27. Anabolic denies the allegations of paragraph twenty-seven.

28. Anabolic denies the allegations of paragraph twenty-eight.

29. Anabolic denies the allegations of paragraph twenty-nine.

### THIRD CLAIM FOR RELIEF
### Products Liability-Fraud and Deceit

30. Answering the allegations of paragraph thirty, Anabolic incorporates by reference its responses to paragraphs one through twenty-nine above.

31. Anabolic denies the allegations of paragraph thirty-one.

32. Anabolic denies the allegations of paragraph thirty-two.

33. Anabolic denies the allegations of paragraph thirty-three.

34. Anabolic denies the allegations of paragraph thirty-four.

35. Anabolic denies the allegations of paragraph thirty-five.

36. Anabolic denies the allegations of paragraph thirty-six.

**FOURTH CLAIM FOR RELIEF**
**Products Liability-Negligent Misrepresentation**

37. Answering the allegations of paragraph thirty-seven, Anabolic incorporates by reference its responses to paragraphs one through twenty-nine.

38. Anabolic denies the allegations of paragraph thirty-eight.

39. Anabolic denies the allegations of paragraph thirty-nine.

40. Anabolic denies the allegations of paragraph forty.

41. Anabolic denies the allegations of paragraph forty-one.

42. Anabolic denies the allegations of paragraph forty-two.

**FIFTH CLAIM FOR RELIEF**
**Negligence Per Se**

43. Answering the allegations of paragraph forty-three, Anabolic incorporates by reference its responses to paragraphs one through forty-two.

44. Anabolic denies the allegations of the first two sentences of paragraph forty-four. The third sentence of paragraph forty-four states a legal conclusion and requires no response from Anabolic.

45. Anabolic denies the allegations of paragraph forty-five.

**SIXTH CLAIM FOR RELIEF**
**CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200, et seq.**

46. Answering the allegations of paragraph forty-six, Anabolic incorporates by reference its responses to paragraphs one through forty-five.

47. Anabolic denies the allegations of paragraph forty-seven.

48. Anabolic denies the allegations of paragraph forty-eight.

49. Anabolic denies the allegations of paragraph forty-nine.

50. Anabolic denies the allegations of paragraph fifty.

Anabolic denies that plaintiff is entitled to the relief prayed for, or any relief at all, against Anabolic.

**FIRST AFFIRMATIVE DEFENSE**
**Failure to State a Cause of Action**

The Complaint, and each cause of action therein, fails to state facts sufficient to

constitute a cause of action against Anabolic.

## SECOND AFFIRMATIVE DEFENSE
### Statutes of Limitation

The Complaint, and each cause of action therein, is barred by the applicable statutes of limitation, including, but not limited to, California Code of Civil Procedure Sections 335.1, 338, and 340.8.

## THIRD AFFIRMATIVE DEFENSE
### Plaintiff's Comparative Fault

The Complaint, and each cause of action therein, is barred because plaintiff failed to exercise reasonable care in and about the matters complained of in the Complaint and plaintiff's own negligence, carelessness and comparative fault contributed, in whole or in part, to any damages and injuries alleged therein.

## FOURTH AFFIRMATIVE DEFENSE
### Comparative Fault of Defendants and Third Parties

The Complaint, and each cause of action therein, is barred because the damages and injuries alleged therein were directly and proximately caused and contributed to by the negligence and other fault of other defendants and parties not defendants herein.  Anabolic's liability, if any, must be limited to its percentage share of liability—which liability is expressly denied and contested—pursuant to Civil Code § 1431, *et seq.* (California Fair Responsibility Act of 1986).

## FIFTH AFFIRMATIVE DEFENSE
### Failure to Mitigate

The Complaint, and each purported cause of action alleged therein, is barred because plaintiff failed to make reasonable efforts to mitigate the losses or damages plaintiff alleges.

## SIXTH AFFIRMATIVE DEFENSE
### Laches, Waiver, Estoppel, Unclean Hands

The Complaint, and each cause of action alleged therein, is barred by one or more of the doctrines of laches, waiver, estoppel and unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE
### Misuse of Product

The Complaint, and each cause of action alleged therein, is barred because the products

referred to in the Complaint were misused and used in an improper and unforeseeable manner by plaintiff and by others, and such misuse and improper and unforeseeable use caused or contributed as a proximate cause of the injuries and damages, if any there were, alleged in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE
### Alteration in Product After Sale

The Complaint, and each cause of action alleged therein, is barred because the product referred to in the Complaint was altered or modified after sale of the product.

### NINTH AFFIRMATIVE DEFENSE
### Punitive Damages Not Permissible

Plaintiff's claim for punitive damages violates Anabolic's right to due process and equal protection as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Sections 2, 7, 15, 16 and 17 and Article IV, Section 16 of the California Constitution.

### TENTH AFFIRMATIVE DEFENSE
### Indemnity and Apportionment

Anabolic is entitled to the right of indemnification by apportionment against all other parties and persons whose negligence and/or comparative fault contributed proximately to the injuries and damages alleged in the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE
### Apportionment of Non-Economic Damages

Anabolic's liability for any alleged non-economic damages—which liability is expressly denied—is several only and not joint and non-economic damages must be allocated in direct proportion to each tortfeasor's percentage of fault.

### DEMAND FOR JURY TRIAL

Defendant Anabolic hereby demands a trial by jury.

WHEREFORE, Anabolic prays that plaintiff's Complaint be dismissed with prejudice,

///

///

///

1  that plaintiff take nothing by his Complaint, that Anabolic be awarded its costs of suit and such

2  other and further relief as the Court may deem proper.

3  Dated:  November 20, 2007.          LAW OFFICES OF MIRIAM HISER

4
                                       By:_____/s/_____
5                                          MIRIAM HISER
                                       Attorney for Defendant
6                                      ANABOLIC RESOURCES, L.L.C.